[Civ. No. 2071. First Appellate District.—May 22, 1917.]

J. A. PELL, Administrator, etc., Respondent, v. STANLEY HERBERT, Appellant.

NEGLIGENCE—CARBOLIC ACID GIVEN FOR WHISKY—SUFFICIENCY OF EVIDENCE.—In an action for damages for death caused by the defendant in giving the deceased a drink from a bottle containing carbolic acid under the belief that it contained whisky, the gross negligence of the defendant is established by his conduct in keeping carbolic acid in a whisky bottle without any distinguishing mark or label showing its dangerous and deadly quality, of intermingling such bottle with such a content with other similar bottles containing whisky or other drinkables, and in tendering such bottle to the deceased accompanied with the statement that he guessed it contained whisky.

ID.—CONDUCT OF DECEASED—LACK OF CONTRIBUTORY NEGLIGENCE.—The act of the deceased in accepting the defendant's proffered drink,

and of assuming without question or investigation that the bottle from which he drank contained liquor similar to that which he had just seen the defendant drink, and in believing it to be the whisky which he had just been invited to partake of, did not constitute contributory negligence, in view of the fact that the liquid which he drank was not poured out in a glass, or other open receptacle, where its color or smell or other dissimilarity to whisky might reasonably attract his notice and arouse his suspicion.

ID.—VERDICT NOT EXCESSIVE.—A verdict of two thousand dollars for the death of a human being in such an action is not so excessive as to justify the conclusion that the jury were moved by undue passion or prejudice in its rendition or amount.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge.

The facts are stated in the opinion of the court.

Andsesen & Sargent, and P. E. Zabala, for Appellant.

Walter S. White, and Fred P. Feliz, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor for the sum of two thousand dollars damages for the alleged negligence of the defendant resulting in the death of one Gabino Smith, of whose estate the plaintiff is the administrator.

The two points urged by the appellant are the insufficiency of the evidence to justify the verdict of the jury; and the contention that the verdict is excessive in the amount of its award.

The facts of the case are these: The defendant is a rancher residing in Monterey County. On the morning of September 28, 1913, the deceased, Gabino Smith, who was at that time his employee, came up to his house to wash before breakfast. The defendant was in the act of taking a drink of whisky from a bottle which was sitting on the wash-sink, and offered the deceased a drink, which he indicated his willingness to accept. There was very little left in the bottle from which the defendant had been drinking, so he reached under the sink and got what he apparently supposed was another bottle of whisky, and handed it to the deceased, stating that he guessed it was whisky. The deceased drank from the bottle which was handed him, and immediately after doing so said to the

defendant, "What kind of a trick did you play on me?" and went presently into convulsions, and died within a few moments. The bottle from which he drank contained carbolic acid.

The foregoing facts were proven at the trial and formed the basis of the jury's verdict in plaintiff's favor.

The appellant contends that the inference of negligence does not arise from the foregoing facts, and that even if such inference does arise, the facts also establish contributory negligence on the part of the deceased sufficient to have defeated the plaintiff's recovery.

We are unable to agree with either of these contentions. The defendant's conduct in keeping carbolic acid, a deadly poison, in a whisky bottle without any distinguishing mark or label showing its dangerous and deadly quality, and of intermingling such bottle with such a content with other similar bottles containing whisky or other drinkables; and the act of the defendant in tendering such bottle containing carbolic acid to the deceased under the circumstances which he himself detailed, were acts of gross negligence amply sufficient to justify the verdict in plaintiff's favor.

The acts of the deceased in accepting the defendant's proffered drink, and of assuming without question or investigation that the bottle from which he drank contained liquor similar to that which he had just seen his employer drink, and in believing it to be the whisky which he had just been invited to partake of, were in keeping with the ordinary and customary conduct of other individuals under like circumstances. It is to be noted that the liquid which he drank was not poured out in a glass, or other open receptacle, where its color or smell or other dissimilarity to whisky might reasonably attract his notice and arouse his suspicion, but that he was handed the bottle and was expected to and did drink directly from it. Under these circumstances we cannot say as a matter of law that his act in so doing was contributory negligence.

In support of the appellant's contention that the verdict of the jury was excessive, he directs our attention to certain evidence tending to show that the deceased was a man of dissolute and unthrifty habits, and was not a very useful member of society or supporter of his family. These were matters properly submitted to the jury, and doubtless considered by

them in arriving at the amount of their verdict. We are unable to say that a verdict in the sum of two thousand dollars for the death of a human being, through the negligence of another under the circumstances detailed in this case, was so excessive as to justify the conclusion that the jury were moved by undue passion or prejudice in its rendition or amount.

Judgment affirmed.

Beasly, J., *pro tem.*, and Kerrigan, J., concurred.