[Civ. No. 17048.  First Dist., Div. One.  Jan. 2, 1957.]

AMERICAN TRUST COMPANY, as Administrator, etc., Respondent, v. TRUCK INSURANCE EXCHANGE et al., Defendants; JOSEPH R. QUINN, Appellant.

Clark, Heafey & Martin, Jack L. Blaine and Gerald P. Martin for Appellant.

Christin & Davis for Respondent.

AGEE, J. pro tem.*—Defendant Joseph R. Quinn appeals from a judgment in a declaratory relief action brought by plaintiff to have declared certain rights and duties under indemnity provisions in a lease.

On March 25, 1951, appellant was the tenant in possession of premises known as the "Aetna Garage," 525 Jones Street, San Francisco, under a written lease executed by the owner, Romelda Bacciocco. Appellant had acquired the lease by assignment and was obligated by written agreement to comply with the terms thereof. On the date stated, one Holt was walking in front of the premises and was injured when he fell upon the sidewalk. He filed an action on July 10, 1951, for damages against the city and county of San Francisco, Romelda Bacciocco and appellant, claiming that his fall was caused "because of the dangerous construction of said sidewalk abutting said premises." On October 23, 1951, Holt filed an amended complaint, to which separate answers were filed by these three defendants. Romelda Bacciocco thereafter died and the American Trust Company, respondent herein, was appointed the administrator of her estate and substituted in the Holt action in her place.

The amended complaint in the Holt action is in three counts. The first is against the city, the second against decedent, and the third against appellant. The second count alleges that decedent was the owner of the premises and that she "carelessly and negligently allowed and permitted the sidewalk abutting said premises to be constructed and caused to be constructed in an unsafe and defective condition and to remain in said unsafe and defective condition, in that said sidewalk was constructed with elevations in portions of said sidewalk leading into said 525 Jones Street, creating contours in said sidewalk's normal flat surface; that cement guards were attached to said building and said guards projected into the sidewalk and were attached to said sidewalk and that said . . . [owner] well knew or in the exercise of ordinary care should have known of said dangerous and defective and unsafe condition of said sidewalk at said point."

On December 8, 1954, respondent commenced this action to have its rights and duties declared with relation to the Holt action. The controversy between respondent and appellant is over the indemnity provisions in the lease as the same relate to the Holt action. The only evidence introduced at the trial was the lease, the written agreement by appellant

---

*Assigned by Chairman of Judicial Council.

to be and remain bound by the lease, and the County Clerk's file in the Holt action. Judgment in favor of respondent was rendered in substance as follows: That appellant shall undertake on behalf of respondent the defense of the Holt action; that appellant shall reimburse respondent for all costs, expenses and fees reasonably incurred by decedent and/or respondent in the defense of said Holt action; and that appellant shall pay any judgment rendered against respondent in said Holt action.

Clause 8 in the lease provides as follows: ". . . the lessee will hold the lessor exempt and harmless for and on account of any damage or injury to any person . . . *arising from the use of the premises by the lessee, or arising from the failure of the lessee to keep the premises in good condition and repair, as herein provided.*" (Emphasis added.)

It is apparent that Holt's claim of injury is based upon the alleged faulty construction of the sidewalk and not upon anything "arising from the use of the premises by the lessee, or arising from the failure of the lessee to keep the premises in good condition and repair."

There is no claim that the lessee had anything to do with the construction of the sidewalk or that any use he made of it had anything to do with Holt's alleged injuries. The lessee did agree in the lease that he would keep and maintain the premises (including the sidewalk) in good order and repair. However, the lease also provided that he could not make any alterations of the premises or any part thereof without the written consent of the lessor. Again, there is no claim of any such alterations. The lease did state that lessor would give her consent under certain conditions to enlarge the main entrance to the premises, but this did not eventuate.

It is thus clear that all that the lessee was required to do under the lease was to "maintain" the sidewalk. To *maintain* means to repair or keep in good condition things that *exist,* and not the creation of something new. (*Holman* v. *County of Santa Cruz,* 91 Cal.App.2d 502, 519 [205 P.2d 767] ; *Hoel* v. *City of Los Angeles,* 136 Cal.App.2d 295, 304 [288 P.2d 989].) There is nothing to indicate that the sidewalk was in any different condition on March 25, 1951, than it was at the time of entry by the lessee.

We conclude that clause 8 did not require appellant to indemnify the lessor against liability for a claim such as that made by Holt.

Clause 24 of the lease provides as follows: "The lessee

shall take out and maintain at her own cost and expense public liability insurance against accidents of every character to persons and property, death to persons and destruction and injury to property covering the premises, *and the said policy shall cover the liability of the lessor, as well as the lessee,* and the said policy shall be fifty thousand ($50,000.00) Dollars as to one person and one hundred thousand ($100,000.00) Dollars as to one accident.'' (Emphasis added.)

Appellant admitted in his answer that the only insurance policy which he took out and had in effect at the time of the Holt incident did not cover the liability of the lessor. Appellant also admitted in his answer that respondent has been refused a defense in the Holt action. If appellant had complied with clause 24, the respondent would have been entitled to a defense under the insurance policy. It so happens that no further defense is now needed because, on August 2, 1956, the superior court, on its own motion and under the provisions of section 583 of the Code of Civil Procedure, dismissed the Holt action for failure to bring it to trial within five years after it was filed. (Stipulated at oral argument to so augment the record.) Consequently, the only provision in the declaratory relief judgment now affecting the parties is that which requires appellant to reimburse respondent for all costs, expenses and fees reasonably incurred by decedent and/or respondent in the defense of the Holt action. If appellant had complied with Clause 24, respondent would not have had to incur these expenses and appellant should be and is required in equity to reimburse respondent accordingly.

The judgment is modified by striking therefrom the paragraphs therein designated as (1), (2) and (4) on the ground that these provisions have become moot because of the dismissal of the Holt action, leaving the paragraphs designated as (3) and (5) in full force and effect, which said paragraphs are as follows:

''(3) Defendant, JOSEPH R. QUINN, shall reimburse and pay to Plaintiff herein all costs, expenses and fees reasonably incurred by said decedent and/or Plaintiff herein in the defense of said action No. 408641. [The Holt action.]

''(5) Plaintiff shall have its costs herein taxed at $35.03.''

As so modified, the judgment is affirmed and the lower court is directed to take such further proceedings as are necessary to determine the amount to be paid by appellant under said paragraph (3). Respondent shall recover its costs on appeal.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.