[Civ. No. 18541.  First Dist., Div. Two.  Mar. 7, 1960.]

VINCENT B. VAZQUEZ et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation) et al., Respondents.

Thomas Needham for Appellants.

Taft, Wright & Hopkins and Cranson L. Hopkins for Respondents.

DOOLING, J. — Plaintiffs Vincent Vazquez and Helen Vazquez his wife appeal from judgments denying Vincent Vazquez a recovery for personal injuries received by him when the automobile which he was driving came into collision with a bus operated by defendant, and denying recovery to the two appellants for the death of their minor daughter in the same collision. Two other minors, David and Primo Vargas, who were riding in the automobile at the time of the collision recovered judgments for the injuries received by them, and their mother likewise recovered for the medical expenses incurred by her in the treatment of their injuries.

The evidence shows that two public highways in Solano County are connected by a paved roadway running from one to the other. The two highways, referred to in the testimony as Highway 40 and North Texas Street, are roughly parallel at this point and the roadway running from one to the other is designated as Road 8022. Vazquez drove his automobile on the night of the accident, Novemer 10, 1956, from Highway 40 into Road 8022 and traversed that roadway to its intersection with North Texas Street. He stopped at this intersection and then drove forward into North Texas Street and was making a left hand turn thereon when his automobile was struck by the Greyhound bus which was proceeding on North Texas Street.

The case was tried to a jury and the several verdicts of the jury above recited indicate that the jury must have found that both the driver of the bus and the appellant Vazquez were guilty of negligence proximately contributing to the collision.

The evidence showed without conflict that Road 8022 is a privately owned roadway, but that it is open to the public, is surfaced with macadam in a fashion similar to the surface on North Texas Street, is not signed in any way to advise the public that it is private and there is nothing in its appearance to indicate that it is not a public thoroughfare. The driver Vazquez suffered retrograde amnesia and could not testify to any of the events preceding the collision.

Section 550 of the Vehicle Code in effect at the time of the collision (now § 21800) provided in part: "(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

The appellants proposed an instruction embodying section 550 and adding that a violation of this section is "negligence as a matter of law, unless, under all the circumstances

surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence.'' The trial court refused to give this instruction and that refusal, together with the giving of a similar instruction at the request of the defendant embodying section 553 (now § 21804), Vehicle Code, is the basis of the only claim of error presented on this appeal.

. Section 550 is by its terms applicable only to ''a vehicle which has entered the *intersection* from a different *highway*.'' Both by the definition of ''intersection'' in section 86 (now § 365), Vehicle Code, which confines the definition of ''intersection'' to the place where two ''highways'' intersect one another and by the requirement of section 550 that the vehicle ''has entered the intersection from a different highway,'' if Road 8022 is not a ''highway'' within the meaning of the Vehicle Code the court properly refused appellants' proposed instruction embodying section 550. So if Road 8022 is not a ''highway'' the court properly gave defendant's proposed instruction on section 553 (now § 21804) which provides: ''The driver of a vehicle about to enter or cross a highway from any private road or driveway . . . shall yield the right of way to all vehicles approaching on said highway.''

The solution depends on the construction of section 81 (now § 590), Vehicle Code, reading: '' 'Street' or 'highway' is a way or place of whatever nature, *publicly maintained* and open to the use of the public for purposes of vehicular travel.'' (Emphasis ours.) The proper construction of the emphasized words ''publicly maintained'' is the crux of this case. If ''publicly maintained'' means ''maintained by some public agency or body'' then Road 8022 is not a highway as defined by that section. On the other hand if ''publicly maintained'' means ''openly maintained'' then Road 8022 is a highway within the definition of the section. The word ''publicly'' is equally susceptible of either meaning. (Webster's New International Dictionary, 2d ed., unabridged (1935).)

There are other factors however which lead to the conclusion that the words ''publicly maintained'' mean ''maintained by some public agency or body.'' The successive definitions of ''highway'' adopted by the Legislature at times have been broad enough to include certain privately maintained roadways which were open to public travel. (See the history of section 81 in *Behling* v. *County of Los Angeles*, 139 Cal. App.2d 684, 688-690 [294 P.2d 534]; *cf. Laubscher* v. *Blake*,

7 Cal.App.2d 376, 381-382 [46 P.2d 836].) In 1935 the Legislature adopted the Vehicle Code (Stats. 1935, p. 93) including section 81 which then read (Stats. 1935, p. 98).: " 'Street' or 'highway' is a way or place of whatever nature . open to the public *as a matter of right* for purposes of vehicular travel." (Emphasis ours.) The emphasized words limited the definition of highway to such places as the general public had a legal right to travel over and excluded places actually open to the public for travel if the public did not have a legal (i.e. legally enforceable) right to such use. In 1937 section 81 was amended to its present form by adding the words "publicly maintained and" and striking the words "as a matter of right." (Stats. 1937, p. 617.)

This history is persuasive that the words "publicly maintained" were intended to mean "maintained by a public agency" rather than "openly maintained." If the intention of the Legislature had been to include in the definition of "highway" all places of travel whether privately or governmentally established so long as they were actually open to the public for travel it could as well have accomplished this purpose by striking the words "as a matter of right" without adding any words to the section. That it saw fit to add the words "publicly maintained" in place of the words "as a matter of right" indicates that the Legislature was substituting one limitation for another. Indeed it is hard to conceive of a way "open to the use of the public for purposes of vehicular travel" which would be not-openly (i.e. secretly) maintained. We must assume that the Legislature did not add words idly to the section nor should we give to its language such a construction as leads to a practical absurdity.

The use of the word "maintained" is also significant since "to maintain" as applied to tangible property has generally the meaning of "upkeep and repair." (*Bosqui* v. *City of San Bernardino*, 2 Cal.2d 747, 758 [43 P.2d 547]; *American Trust Co.* v. *Truck Ins. Exchange*, 147 Cal.App.2d 395, 397 [305 P.2d 73]; *Hoel* v. *City of Los Angeles*, 136 Cal. App.2d 295, 304 [288 P.2d 989].) We are satisfied that the proper construction of "publicly maintained" is "maintained by some public agency" and that Road 8022 was therefore not a highway as defined in section 81. The only case which has considered the meaning of the words "publicly maintained" in this section accords with this conclusion. (*Nunnemaker* v. *Headlee*, 140 Cal.App.2d 666, 669 [295 P.2d 438].)

Appellants argue that we should not attribute to the Legislature an intention to adopt a definition of "highway" which would constitute a trap for members of the traveling public who might be misled by the appearance of a roadway into believing that it was a governmentally maintained roadway and therefore act in the belief that they had the right of way given by section 550. The instruction given on section 553 at defendant's request contained the qualification that its violation would not be negligence if the evidence showed "that under all the circumstances surrounding the event, the conduct in question was excusable or justifiable and such as might be reasonably expected from a person of ordinary prudence." This substantially accords with the test of justification of violation of a statute found in *Alarid* v. *Vanier,* 50 Cal. 2d 617, 622-624 [327 P.2d 897]. Appellants would have been entitled, if they had requested it, to an instruction elaborating this rule of justification by including a reading of section 550 with the explanation that if the jury found that the driver Vazquez acted on the belief reasonably induced by its appearance that Road 8022 was a "highway" his violation of section 553 would not be negligence as a matter of law. No such request was made however and it would obviously have been improper to give the instruction actually proposed by appellants, including as it did the statement that a violation of section 550 constitutes negligence as a matter of law unless excused, since under the facts of the case section 550 could not be legally applicable.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.