[Civ. No. 25589. Second Dist., Div. Four. Apr. 24, 1962.]

WILHEMINA NORDIN et al., Plaintiffs and Appellants, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant and Respondent.

Hecker, Dunford & Kenealy, Sam Dunford, James M. Kenealy, Jr., and Henry E. Kappler for Plaintiffs and Appellants.

Robert W. Walker, Richard K. Knowlton and Matthew H. Witteman for Defendant and Respondent.

JEFFERSON, J.—This appeal involves issues arising from the trial of an action against defendant railway for personal injuries sustained by an automobile driver and her two passengers. The motorist, while driving over defendant's railroad crossing, lost control of her car, ran off the road, and collided with a telephone pole. Plaintiffs claimed the accident was caused by defendant's negligent construction and maintenance of the crossing. There were no trains in the vicinity at the time of the accident.

Briefly, the evidence may be summarized as follows: During the daylight hours of October 24, 1956, plaintiff Wilhemina Nordin, age 63 at the time of the trial, was driving her 1952 Kaiser sedan south on Millergrove Drive in an area of Los Angeles County known as Pico Rivera. She was accompanied by two passengers, plaintiffs Dailey and Ensign. Mrs. Nordin stopped at a boulevard stop sign before crossing Rivera Road. South of Rivera Road, Millergrove Drive turns slightly to the left and rises approximately 6 feet to a double railroad track. This crossing was constructed and is maintained by defendant. The grade of the incline is approximately 10 per cent. A double white line near the crossing properly indicated that Millergrove Drive angled to the left at that point. It appears

from the evidence that Mrs. Nordin, in approaching the crossing, drove on the right side of the paving and failed to turn left as the road crossed the tracks, thus leaving the road at a point near where the tracks intersected the paving. She failed to regain control of the vehicle before it collided with the telephone pole.

Plaintiff Nordin testified she drove up the inclined approach at a speed of approximately 10 miles per hour and applied her brakes slightly when she got to the first rail. She stated that as the car leveled at the top the right front wheel "hit something which knocked the car out of control;" there were some bumps and then the car collided with a telephone pole on the right side of the paving. The pole was approximately 66 feet south of the southernmost track. Mrs. Nordin stated she did not remember seeing a double white line on the incline. She said that she stayed on the right side of the pavement while approaching the tracks to avoid the possibility of a head-on collision since she could not see if any other cars were approaching the rails from the south.

Cyrus Bailey, an eyewitness who viewed the accident from several hundred feet southwest, testified that Mrs. Nordin's vehicle left the road at a point formed by the west edge of the pavement and the outside rail of the more southerly track. He stated the car returned to the road not more than 16 feet beyond, then drove off at an angle straight into the pole.

Mrs. Nordin and the two passengers brought an action for personal injuries against the railway company and other defendants not parties to this appeal. Mrs. Nordin and her husband additionally sought recovery for damages to the automobile. After a jury trial judgment was given for defendant railway company. Plaintiffs appeal from the judgment.

Plaintiffs first contend the evidence is insufficient to support the verdict of the jury. ▇ In reviewing the evidence to support a judgment on appeal this court is limited to a determination as to whether there is substantial evidence to support the verdict without reweighing the evidence or questioning the credibility of witnesses. ▇ Conflicting inferences must be resolved in favor of the prevailing party in the trial court. In the instant case the jury could reasonably have concluded that defendant was not negligent in constructing and maintaining the railroad crossing in question. The evidence is sufficient to support the verdict and judgment.

Plaintiffs next contend the trial court erred in excluding a purported admission made by counsel for defendant at a

hearing before the Public Utilities Commission that the crossing was "hazardous and dangerous." In a discussion between counsel and the court it was indicated by counsel for defendant that the hearing before the Public Utilities Commission was about the possibility of automobile-train accidents rather than the type of accident which occurred in the instant case. Counsel for defendant stated to the court that the commission was concerned principally about safety measures to eliminate automobile-train accidents and about adequacy of signaling devices to warn vehicles using the crossing of approaching trains. The commission was interested in matters such as the steepness of the grade of the north approach as it related to impeding motor vehicle traffic, increasing the possibility of stalling, or causing an overloaded trailer to stall if its undercarriage dragged at the high point of the grade as the truck was crossing the tracks.

Plaintiff then offered to prove in effect through the testimony of counsel for defendant, that counsel, as a representative of defendant, admitted in a written brief as well as at a hearing before the Public Utilities Commission that the crossing was "hazardous and dangerous." The court sustained defendant's objections to the offer of proof without prejudice with the suggestion to counsel for plaintiffs that he could renew the offer of proof at a future time and the court would consider it.

As presented to the court the offer of proof failed to indicate that the "dangerous and hazardous" condition purportedly admitted by counsel was directly related to or caused the accident in question. The judge properly rejected the offer of proof. (See *Bartholomai* v. *Owl Drug Co.*, 42 Cal.App.2d 38, 43 [108 P.2d 36]; *Vallejo & Northern Railroad Co.* v. *Home Savings Bank*, 24 Cal.App. 166, 171-172 [140 P. 974].)

Further, plaintiffs question the propriety of certain instructions given by the trial court as inconsistent with their theory that defendant was "negligent as a matter of law" for failing to comply with the standard of conduct established by the Public Utilities Commission in its order. We cannot consider the merits of this contention in view of the fact that there was no proof of any of the following: (1) the commission order; (2) a violation of said order; (3) that any purported violation proximately caused the injuries sustained by plaintiffs; or (4) that plaintiffs were in the class protected by the safety order made by the commission. Plaintiffs argue as though the order was in evidence and contend that if

defendant had made "all possible improvements to the north approach to minimize the grade thereof" the accident would not have happened. They further speculate that since it was possible for defendant to avoid the accident defendant was therefore negligent as a matter of law" when the accident occurred. This argument is without merit because it overlooks completely the lack of proof above mentioned.

Plaintiffs next contend the court erred in instructing the jury as follows: "General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it. Where there is evidence to the effect that one did look but did not see that which was in plain sight, it follows that either some part of such evidence is untrue or the person was negligently inattentive."[1]

As a basis for this contention plaintiffs assert: (1) there is no evidence to justify it and, therefore, the trial court usurped the functions of the jury in giving the instruction; and (2) there is no substantive law to support the giving of the instruction. These contentions are not valid.

In *Fabela* v. *Hargis,* 147 Cal.App.2d 809, 816 [305 P.2d 901], the appellant asserted that the instruction should not be given where there was a legitimate evidentiary dispute as to the visibility to the person looking, of the object or condition involved in the action. The court answered this contention saying: "The first sentence stating that general human experience shows that a person looking in the direction of an object clearly visible sees it, must certainly mean to most people that the object is in such position as to be clearly visible to *him*. For general human experience does not warrant the inference that if one looks in the direction of an object visible to others, but separated from him by intervening obstacles, he sees it. And the language in the following sentence 'that which was in plain sight' can be sensibly interpreted only as meaning that which was in plain sight of the person looking."

Mrs. Nordin testified that as she drove up the incline: "All you could see was sky ahead of you." Mr. Bailey testified that one could see the direction of the roadway upon reaching the top of the incline. From the evidence the jury could have reasonably inferred that when a motorist traversing this grade crossing reached a point where his automobile would straddle the more northerly track he would then be able to see the

[1]BAJI 140, as modified.

direction taken by the roadway beyond the more southerly tracks. There was no testimony to the effect that it was impossible to see a curve in the roadway before it was too late for a reasonably prudent person to make a change in direction. We hold that by giving this instruction the trial court did not usurp any of the functions of the jury with respect to the value or effect of the evidence or the credibility of witnesses who testified in the action.

The instruction has been approved in several cases including *Fabela* v. *Hargis, supra,* 147 Cal.App.2d 809, 816, and *LaBranch* v. *Scott,* 82 Cal.App.2d 1, 9-10 [185 P.2d 823].

Lastly, plaintiffs contend the court erred in failing to instruct as follows: "It is not necessary to support a finding of negligence that every act and omission charged against a person [either in a pleading or in an opening statement or in an argument] be proved. If by a preponderance of evidence it has been proved that any negligent conduct on the part of [the defendant] [a party to the action] was a proximate cause of an injury in question, such proof is sufficient to support findings against that party on those particular issues."[2]

The court did not abuse its discretion in refusing to give this instruction since it was adequately covered by instructions[3] already given to the jury.

After reviewing the record we deem it unnecessary to consider in detail plaintiffs' various additional contentions relating to evidence introduced at the trial and the propriety of certain standard instructions given to the jury. Plaintiffs received a fair trial and the jury was properly instructed.

The judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.

A petition for a rehearing was denied May 10, 1962, and appellants' petition for a hearing by the Supreme Court was denied June 20, 1962.

---

[2]BAJI 101-F.
[3]BAJI 101 [revised] and 101-C.