[Civ. No. 7238. Fourth Dist. April 8, 1964.]

LAVERNA MALONE et al., Plaintiffs and Appellants, v. WILLIAM H. PERRYMAN et al., Defendants and Respondents.

Melvin M. Belli, Reed & Brockway and William F. Reed for Plaintiffs and Appellants.

Holt, Macomber, Graham & Baugh, William H. Macomber, James C. Henderson, Luce, Forward, Hamilton & Scripps, Arvin H. Brown, Jr., Henry F. Walker, Higgs, Fletcher & Mack, Pitts Mack and Edward M. Wright for Defendants and Respondents.

COUGHLIN, J.—This is an appeal from a judgment denying recovery in a wrongful death action arising out of a collision between an automobile, driven by a man named Malone, and an earthmover, driven by a man named Perryman.

The plaintiffs, appellants herein, are the heirs at law of Malone, who was killed in the accident. The defendants are the operator of the earthmover, i.e., Perryman, his employer, and other corporations and individuals engaged in various aspects of a highway construction project in the course of which the earthmover was being used.

The accident occurred on November 9, 1960. On that date Malone, accompanied by a guest, was driving southerly on Cuyamaca Street in the City of El Cajon when his car was struck by an eastbound earthmover crossing that street, in the vicinity of the highway construction project, resulting in the death of both occupants of the automobile. The earthmover was engaged in removing earth from a hill located westerly of Cuyamaca Street and transporting it to a point easterly of that street; was proceeding along the southerly portion of a 90-foot construction road that had been built by one of the defendants for this purpose; and as it approached Cuyamaca Street, descended a 5 per cent to 8 per cent grade.

The westerly view of a motorist approaching this crossing from the north on Cuyamaca Street was obstructed by an embankment to the west of that street until he entered upon the crossing. Upon entering into the crossing such a motorist had an unobstructed view of the construction road to the west for a distance of 500 feet. Immediately north of the crossing, on Cuyamaca Street, were a number of warning signs; one such stated "CAUTION TRUCK CROSSING"; another stated "CAUTION"; and a third stated "STOP ON RED LIGHT." On the latter sign, which was in the center of Cuyamaca Street, there were two red lights which were operated by a flagman and, upon activation, would blink alternately. The flagman in question was stationed in the vicinity of this signal sign and it was his duty to activate the red lights when construction equipment moving upon the roadway in question was about to cross Cuyamaca Street. The decedent Malone had used the subject crossing in going to and from work over a period of several months.

There was evidence from which the jury could have concluded that, on the date of the subject accident, the flagman observed the approach of the earthmover and activated the two blinking red stop signals before the decedent Malone entered the crossing; that Malone disregarded the signals, passed the flagman, and proceeded across the crossing at from 3 to 5 miles per hour; that the earthmover, as it approached Cuyamaca Street, was making a loud noise, and could have been heard and seen by Malone during the time his automobile traversed the northerly 56 feet of the crossing; that the Malone vehicle was struck by the earthmover in the southwest quadrant of the crossing, the point of impact being 56 feet south of the north edge of the construction road and 3½ feet east of the west traveled portion of Cuyamaca Street; and that Malone failed to exercise ordinary care for his own safety.

The plaintiffs contend that Malone passed into the crossing before the signals were activated and that his view of the oncoming earthmover was obstructed by the blinding rays of the sun. However, the state of the evidence does not compel the conclusions upon which these contentions are based; the jury's implied finding to the contrary was fully supported by substantial evidence; and, under the governing rule on appeal, it must be assumed that the jury resolved all factual conflicts in favor of the defendants. (*Thomas* v. *Hunt Mfg.*

*Corp.,* 42 Cal.2d 734, 736 [269 P.2d 12]; *Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129].)

The instant action was instituted by the heirs of the decedent Malone and also the heirs of the guest. In the guest cause of action the jury rendered a verdict in favor of the plaintiffs, impliedly finding that the defendants, including Perryman, the operator of the earthmover, were negligent; and in the cause of action by the Malone heirs, rendered a verdict in favor of the defendants, impliedly finding that Malone was contributorily negligent.

The plaintiffs in the Malone cause of action appealed from the judgment on the verdict against them; and some of the defendants in the guest cause of action appealed from the judgment on the verdict against them. The appeals by these defendants have been dismissed, which leaves for determination only the appeal by the plaintiffs. The latter contend that the judgment against them should be reversed because of errors consisting of ''(a) the failure of the trial court to instruct*ion* [*sic*] the jury that the decedent driver, being on a public highway, had the right-of-way over the earthmover crossing from a private roadway if the signal lights were not working; (b) the failure of the trial court to give any instruction on the subject of a speed limit applicable to the earthmover in crossing the public highway; (c) the giving by the trial court of the instruction that to look is to see what is in plain sight under the facts existent; and (d) the giving by the trial court of any instructions on the subject of contributory negligence under the facts.'' The plaintiffs' contentions on appeal have been quoted because, in their briefs, as a part of their argument, they insinuate that the court may have been in error in other particulars, but do not urge such as a ground for reversal. Included within the latter is a claim that the trial court erred in refusing to give a requested instruction upon stopping distance and related speed requirements allegedly applicable to the earthmover.

Initially, it should be noted that any alleged error in giving or refusing to give an instruction concerning the issue of the negligence of the defendant Perryman, the operator of the earthmover, was not prejudicial to the plaintiffs' case on that issue because the jury, as indicated by its verdict in favor of the plaintiffs in the guest cause of action, impliedly found the existence of such negligence. (*Stickel* v. *San Diego Elec. Ry. Co.,* 32 Cal.2d 157, 167 [195 P.2d 416]; *Edrington* v. *Stong,* 194 Cal.App.2d 218, 222 [15 Cal.Rptr. 34].)

RIGHT-OF-WAY INSTRUCTION

■ The plaintiffs requested and the court refused to give the following instruction:

"Section 21804 of the California Vehicle Code provides in part as follows:

'The driver of a vehicle about to enter or cross a highway from any private property, or private road or driveway ... shall yield the right-of-way to all vehicles approaching on the highway.'

"Ordinarily, under this Code Section the decedent's motor vehicle proceeding on Cuyamaca Street, a public street, would have the right-of-way over the earthmover, which was proceeding on a private road across the highway.

"In order for the decedent's automobile to be deprived of the right-of-way given under the above law, it was the duty of the defendants to use reasonable care and comply with the applicable rules and regulations governing the design, operation and maintenance of signalling devices, guard or flagman."

The plaintiffs contend that, under their theory of the evidence, the decedent Malone had the right-of-way; that the defendant Perryman was required to yield the right-of-way to him; that the decedent was entitled to assume that Perryman would obey the law in this respect; that, as their proposed right-of-way instruction thus related to the amount of care required of the decedent, it was pertinent to the issue of contributory negligence; and, for this reason, the refusal to give the same was prejudicial error.

The instruction in question, as related to the instant case for the purpose indicated, was misleading and incomplete. The refusal to give such an instruction is not error. (*Stickel* v. *San Diego Elec. Ry. Co., supra,* 32 Cal.2d 157, 168.)

■ In substance, by the proposed instruction, the jury would have been told that, by virtue of section 21804 of the Vehicle Code, the decedent had the right-of-way at the time of and immediately preceding the subject accident unless "the defendants" used reasonable care and complied "with all of the applicable rules and regulations governing the design, operation and maintenance of signalling devices, guard or flagman."

Such an instruction was pertinent to the issue of contributory negligence only because of the rule which authorizes a person to assume that another will not violate the law and to act accordingly. (*Leblanc* v. *Coverdale,* 213 Cal. 654, 657

234

[3 P.2d 312].) However, this rule does not extend to a person who is not exercising ordinary care, nor to one who knows or, by the exercise of such care, would know that the law is not being observed. (*Stickel* v. *San Diego Elec. Ry. Co.*, *supra*, 32 Cal.2d 157, 166-167; *Ribble* v. *Cook*, 111 Cal.App.2d 903, 908 [245 P.2d 593].) ■ Moreover, a vehicle operator may not rely arbitrarily upon a right-of-way gained as a result of his violation of law or negligent act. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 591 [177 P.2d 279]; *Wilkerson* v. *Brown*, 84 Cal.App.2d 401, 406 [190 P.2d 958].) ■ Furthermore, Vehicle Code section 21804 does not confer an absolute and uncontrolled right-of-way upon the driver of a vehicle upon the highway over another vehicle about to enter thereon from a private road. (*Ribble* v. *Cook*, *supra*, 111 Cal.App.2d 903, 907.) ■ Although such a driver may have the right-of-way, he is not absolved of the duty to exercise ordinary care (*Benjamin* v. *Noonan*, 207 Cal. 279, 283 [227 P. 1045]; *Uhl* v. *Baldwin*, 145 Cal.App.2d 547, 552 [302 P.2d 841]; *Maus* v. *Scavenger Protective Assn.*, 2 Cal.App.2d 624, 627 [39 P.2d 209]); may not proceed blindly in disre--gard of an obvious danger (*ibid.*); and must be watchful of the direction in which danger is most likely to be apprehended. (*Donat* v. *Dillon*, 192 Cal. 426, 429 [221 P. 193].) ■ The failure of the proposed instruction to incorporate the foregoing principles justified its rejection by the trial court under the circumstances of this case. ■ In partial recognition of these principles, the instruction in question indicated that the decedent might not have had the right-of-way if the defendants used reasonable care and complied with "all of the applicable rules and regulations governing the design, operation and maintenance of signalling devices, guard or flagman." Instead of clarifying the applicable law in the premises, this part of the instruction added to its uncertainty. The reference to "all of the applicable rules and regulations" is an indefinite expression which subjected the instruction to rejection. (*Sills* v. *Forbes*, 33 Cal.App.2d 219, 227-228 [91 P.2d 246].) ■ This portion of the instruction also is objectionable because it inferentially imposes the duty therein defined upon all of the defendants. (*Gobin* v. *Avenue Food Mart*, 178 Cal.App.2d 345, 346 [2 Cal.Rptr. 822].) Neither the defendant Perryman, nor his employer had any such duty.
■ Additionally, the situation presented by the case at hand is not one contemplated by section 21804, which is concerned with the free flow of traffic upon a highway and

the reduction of interference with that flow by traffic entering thereon. In the instant situation, the subject for consideration and control was the use of the highway at the place in question as a crossing for earthmoving equipment, rather than as an entryway from private property for vehicles intending to become a part of the traffic thereon. Entry into the subject crossing, via the highway, was controlled by traffic signals and a flagman. The right-of-way provisions of section 21804 obviously did not contemplate the regulation of traffic over a highway crossing subject to control by a signalling device and flagman; were not designed to confer a right-of-way upon a person proceeding over such a crossing, along the highway, in defiance of stop signals and the warning of a flagman; and, at least to the extent that their application was limited by the traffic controls in question, did not confer upon a vehicle using the crossing portion of the subject highway, a right-of-way over earthmoving equipment entering that crossing from the construction road. Although the conduct required of a reasonably prudent person may be prescribed by statute (*Satterlee* v. *Orange Glenn School Dist.*, *supra*, 29 Cal.2d 581, 588), a seeming noncompliance therewith is not negligence if the situation out of which it arises is not one contemplated by the statute. (*Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 497 [225 P.2d 497]; *Hatch* v. *Ford Motor Co.*, 163 Cal.App.2d 393, 398-399 [329 P.2d 605]; *Hagen* v. *Laursen*, 121 Cal. App.2d 379, 384, 385 [263 P.2d 489].)

 The refusal of the trial court to give the requested right-of-way instruction was not error.

Furthermore, after a review of the whole record herein, including the evidence, we are convinced that it is not reasonably probable that a different verdict would have been rendered if the requested instruction had been given. The evidence establishes overwhelmingly that as the decedent travelled the 56 feet immediately preceding impact, he was going at a slow rate of speed; the earthmover was in plain sight; and, if he had exercised the slightest amount of care, he could have avoided the accident which claimed his life. The refusal to instruct as requested was not prejudicial. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

### Speed Limit Instructions

There was opinion evidence respecting the speed of the earthmover which varied in estimates from 15 to 45 miles per hour.

The trial court instructed the jury, in substance, that there was no law regulating the speed at which the defendants might operate their equipment over the construction road except "the basic principle that ordinary care shall be exercised, and therefore any speed consistent with such care was lawful and proper."

The plaintiffs offered no instruction respecting the subject of speed; complain that the instruction given inferentially advised the jury that the earthmover was not subject to any statutory speed limit restrictions as it crossed Cuyamaca Street; and contend that this was error because section 22352 of the Vehicle Code, which prescribes a 15 mile an hour speed limit across obstructed intersections, was applicable to the situation at hand.

■ Obviously the instruction given by the court referred only to the speed of the earthmoving equipment while moving upon the construction road. If a specific speed limit applied while it was crossing Cuyamaca Street, the plaintiffs should have requested such and, failing to do so, cannot urge the error about which they now complain.

■ Furthermore, the intersection speed limit provision of section 22352 did not apply to the case at bar because the crossing in question did not constitute an intersection within the meaning of that section. (Veh. Code, §§ 360 and 365; *Tossman* v. *Newman*, 37 Cal.2d 522, 524 [233 P.2d 1]; *Vazquez* v. *Pacific Greyhound Lines*, 178 Cal.App.2d 628, 629 [3 Cal.Rptr. 209].)

■ As a part of their argument in support of their contention that the instruction in question was error, the plaintiffs urge that the trial court should have given a requested instruction based on section 26457 of the Vehicle Code which provides that "special mobile equipment" which cannot be stopped within 32 feet from an initial speed of 15 miles per hour shall not be operated at a speed in excess of that permitting a stop in 32 feet; that the evidence was susceptible to the conclusion that the subject earthmover, while traveling 15 miles per hour, could not have been stopped within 32 feet; and, therefore, it should not have been operated at a speed in excess of that permitting a stop within that distance. The fallacy of this argument is that section 26456 of the Vehicle Code provides that "Stopping distance requirement tests shall be conducted on a substantially level, dry, smooth, hard-surfaced road that is free from loose material and where the grade does not exceed plus or minus 1

per cent," and there is no evidence upon which to base a finding respecting the earthmover's braking ability measured by the stopping test prescribed by this section.

## LOOKING AND NOT SEEING INSTRUCTION

■ The trial court gave an instruction applicable to the situation where a person looks but does not see that which is in plain sight, using the language approved in *Daun* v. *Truax*, 56 Cal.2d 647, 651 [16 Cal.Rptr. 351, 365 P.2d 407]. The plaintiffs contend that this was error because there was no evidence from which the jury could have concluded that the earthmover was in plain sight of the decedent. This contention relies upon the fact that the latter's view to the west was obstructed prior to his entry into the crossing, but neglects to consider the fact that for a distance of 56 feet, after entering the crossing, he easily could have seen the approaching earthmover had he looked in the direction from which it came. Contrary to the plaintiffs' claim, the evidence did not compel the conclusion that the earthmover was not in plain sight of the decedent because of the blinding rays of the setting sun. No error occurred in giving the subject instruction. (*Daun* v. *Truax, supra,* 56 Cal.2d 647, 651; *Nordin* v. *Atchison, Topeka & S.F. Ry. Co.,* 202 Cal.App.2d 739, 743-744 [21 Cal.Rptr. 173]; *Rubalcaba* v. *Sweeney,* 168 Cal. App.2d 1, 4-5 [335 P.2d 157].)

## SUFFICIENCY OF THE EVIDENCE

■ The plaintiffs contend that the court erred in giving any instructions upon the issue of contributory negligence because the evidence is insufficient, as a matter of law, to support a finding of contributory negligence. The facts heretofore noted are supported by substantial evidence and justify a finding of contributory negligence. The contention in question is without merit.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied May 7, 1964, and appellants' petition for a hearing by the Supreme Court was denied June 3, 1964.