[Civ. No. 19474. Second Dist., Div. One. Aug. 27, 1953.]

MARJORIE MASSOW et al., Respondents, v. NICKOLAS DAN GIANACLIS, Appellant.

Cletus J. Hanifin and Thomas P. Foye for Appellant.

William R. Law and E. Marvin Goodson for Respondents.

DRAPEAU, J.—Marjorie Massow, hereinafter referred to as either plaintiff or respondent, came to Los Angeles from Iowa in 1941 when she was 20 years old. Defendant was in the restaurant supply business in Hollywood and had a wide acquaintance with persons connected with the motion picture industry. With the help of defendant, plaintiff was able to obtain contracts to appear in motion pictures.

In May of 1946, plaintiff bought a house and two adjoining lots. The house was priced at $10,000. She paid $5,000 down and defendant lent her the balance of the purchase price.

Thereafter, on June 6, 1946, plaintiff executed a grant deed at defendant's request. This purported to convey to him a half interest in the said real property. This document was not recorded.

Sometime in December of that year, defendant and plaintiff had a disagreement respecting the latter's business affairs. Defendant then revealed to plaintiff that he had an interest in said realty. And he proceeded to evict plaintiff and her family from the premises.

In January of 1947, plaintiff instituted this action to have the grant deed declared a trust deed or mortgage as security

for the payment of $5,112 advanced by defendant toward the purchase price.

At the conclusion of a bitterly contested trial lasting 10 days the court made its findings of fact in favor of plaintiff, in substance as follows:

That in 1942, Marjorie Massow was young and inexperienced in her pursuit of a professional career and in the management of her business affairs; that she found in defendant one who was willing to give, and who volunteered advice; that she accepted, and defendant became her business and professional manager; that she considered him honest and working for her best interests. Such relationship continued until December 6, 1946.

During this period a fiduciary relationship existed between them and plaintiff relied upon, and trusted defendant implicitly.

While defendant admired plaintiff, "he was cautious and shrewd" and controlled and dominated her actions in connection with her business and with her career.

On May 24, 1946, plaintiff borrowed $5,112 from defendant to complete the purchase of realty. On June 6, 1946, plaintiff was the owner in fee thereof. On that date, plaintiff signed a deed purporting to convey to defendant a half interest in said property, "but she believed the said deed to be security for said loan of $5,112.00; . . . was ignorant in the sense of not understanding the nature of the instrument"; and did not know the difference between a grant deed and a trust deed. She believed it was in fact a trust deed and security for said loan, because defendant told her it was. Defendant knew that plaintiff was ignorant in the sense of not understanding the nature of the instrument; and to induce her to sign it, defendant fraudulently represented to her that the document was a trust deed and security for said loan.

Plaintiff relied upon defendant's representations because she trusted and had confidence in him, and signed "in obedience to his order and direction."

Defendant knew that plaintiff "relied on his representations that his interest in the property was security for a loan; that (he) made those representations with the intent that she should so rely; that she did so rely; that he knew she did so rely; that he went so far in carrying out his scheme as to take precautions to prove his theory at the right time; that in so doing, he took advantage of the highest trust and confidence placed in him by plaintiff . . ."

It was further found that defendant forcibly evicted plaintiff from the property on December 6, 1946, and ''by threats and other methods of intimidation, he has unlawfully kept the same to his own enjoyment and to the exclusion of the plaintiff till the present time.''

From the judgment which followed, declaring the deed to be a mortgage and security for the loan of $5,112; restoring possession of the realty to plaintiff; declaring that defendant ''has no right, title, lien or charge, in, on to or upon said real property by reason of said mortgage or otherwise''; and offsetting rentals against the loan indebtedness, defendant appeals.

Appellant contends that the judgment is not supported by the evidence, in that the ''weight'' thereof ''falls far short of establishing that the written instrument, properly executed and notarized, is not what it purports to be.'' Hence, ''that an error of law has been made in declaring a valid grant deed to be in fact a mortgage.''

Further, that it was error to grant a judgment ''for rent against one who was a tenant in common.''

██ ''While the question of the sufficiency of the evidence, as a matter of law, to support a verdict or finding, may be presented to the appellate court for review, its duty stops when it has determined that there is some substantial evidence to support it. It will not weigh the evidence, pass upon the credibility of witnesses, nor substitute its judgment thereon for that of the trial court, but will uphold the verdict or finding, even though it would have decided otherwise if it had occupied the place of the trial judge or jury.'' 2 California Jurisprudence 912, 913, Appeal and Error, section 539.

The record in this case is voluminous. And the evidence presented at the trial was highly conflicting on all of the issues.

██ And, as stated in *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]: ''The rule as to our province is: 'In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. ██ It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by

the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' (Italics added.) (*Crawford* v. *Southern Pac. Co.* (1935), 3 Cal.2d. 427, 429 [45 P.2d 183].) The rule quoted is as applicable in reviewing the findings of a judge, as it is when considering a jury's verdict." See, also, *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593].

It is not deemed necessary or expedient to recite in detail the evidence which supports the judgment. Suffice it to say that a careful examination of the entire record convinces this court that both the findings and the judgment are supported by substantial evidence, which tended to prove that the grant deed was executed as security for appellant's loan of $5,112.

Appellant also argues that "If one tenant in common is in sole possession, the other cannot sue to recover rent for his occupancy," citing *McWhorter* v. *McWhorter,* 99 Cal.App. 293 [278 P. 454].

The cited case is one for partition of real and personal property by the owners who held it in joint tenancy.

Under the theory upon which the instant case was tried, appellant never acquired the status of a tenant in common. As a result, it was proper to set off the rental value against the loan indebtedness.

For the reasons stated the judgment is affirmed. The appeal from the order denying a new trial is dismissed.

White, P. J., and Doran, J., concurred.