[Civ. No. 18475.   First Dist., Div. Two.   Feb. 25, 1960.]

EDWARD KARL GOBIN, a Minor, etc., et al., Appellants, v. AVENUE FOOD MART et al., Respondents.

Johnson, Thorne, Speed & Bamford and Harry Bamford for Appellants.

Joseph F. Rankin, Robert L. Anderson and Richard G. Logan for Respondents.

DOOLING, J. — This appeal from a judgment for defendants following a jury verdict is presented on a partial reporter's transcript under Rules on Appeal, rule 4(b). The only point to be raised by appellants on appeal designated in the notice to prepare transcript is: "failure of the court to instruct the jury on res ipsa loquitur."

The action was by a minor, who at the time of the injury was 6 years of age, for damages for injury to his eye in which his mother joined seeking to recover medical expenses incurred as a result thereof. The boy received the injury when, after a plastic dart broke in being fired from a toy gun so that only the upper part of the dart was ejected, the boy looked into the barrel of the gun to discover what had become of the other fragment of the dart and it was ejected against one of his eyes.

The gun was purchased from defendant Avenue Food Mart on Friday, February 11, at about 6:30 p. m. The injury occurred at about 5:30 p. m. the following evening. The gun and darts when purchased were fastened to a piece of cardboard enclosed in a plastic bag which was stapled together at the top. Defendant Knickerbocker Plastic Company is the manufacturer of the gun and defendant Pacific Toy House is the wholesaler and distributor from which defendant Avenue Food Mart purchased it. The complaint relied both upon breach of warranty and negligence. Obviously only the negligence counts are involved in this appeal.

The shaft of the dart was composed of a plastic material and each dart had on its tip a rubber suction cup. The gun contained a spring and was loaded by pressing the shaft down the barrel and against the spring until the spring automatically locked. It was discharged by releasing the spring with a trigger.

Evidence was given by an expert who had examined similar plastic darts manufactured by defendant Knickerbocker Plastic Company, including one of the darts which came with the gun purchased by the plaintiff. He found void or hollow parts in the darts which made them more readily breakable and by experiments in shooting them against other objects found a chipping of the darts which indicated that they were brittle.

The proposed instruction on res ipsa loquitur made no distinction among the defendants, applying equally to all three. The respondents argue that under the facts of this case there is nothing in the evidence to support the giving of the res ipsa instruction as against the seller Avenue Food Mart or the wholesaler Pacific Toy House. We have concluded that this argument is sound. There is nothing in the evidence to indicate that after the gun and darts left the manufacturer attached to a piece of cardboard and enclosed

in a plastic bag stapled at the top, the plastic bag was ever opened or the gun and darts removed therefrom until after their purchase by appellants. The only evidence on the subject would support a finding that the darts when they left the manufacturer's hands were defective, but unless the law is to impose a duty of inspection to discover latent defects upon the wholesaler and retailer of packaged articles in which they deal we fail to see where any inference of negligence could be drawn against them from the mere fact that one of the packaged darts which had passed through their hands afterwards broke while being used for the purpose for which it was designed. The only justification which appellants suggest for directing the res ipsa instruction to all three defendants is to state that "the situation is one contemplated by the leading case of *Ybarra* v. *Spangard*, 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258], where the plaintiff is unable to point out which of several defendants is the responsible party." The rule of Ybarra was announced in the case of an unconscious patient whose injury was occasioned by some one of the persons to whom he had entrusted his unconscious body. The court was influenced by the fact, as stated on page 492 of 25 Cal.2d: "Plaintiff was rendered unconscious for the purpose of undergoing surgical treatment by defendants; it is manifestly unreasonable for them to insist that he identify any one of them as the person who did the alleged negligent act." The court further was careful to point out at page 494: "We do not at this time undertake to state the extent to which the reasoning of this case may be applied to other situations . . . We merely hold that where a plaintiff receives unusual injuries while unconscious and in the course of medical treatment, all those defendants who had any control over his body or the instrumentalities which might have caused the injuries may properly be called upon to meet the inference of negligence by giving an explanation of their conduct."

The doctrine of Ybarra has never been extended to a case of this sort where a conscious person receives an injury from a known object in a known way. While the court was sharply divided in *Trust* v. *Arden Farms Co.*, 50 Cal.2d 217 [324 P.2d 583] a reading of the several opinions in that case can only lead to the conclusion that no member of the Supreme Court as then constituted was willing to extend the Ybarra doctrine to a case of this sort and the late Mr. Justice

Carter clearly stated in his dissenting opinion at page 235 that the Ybarra case was not applicable.

We conclude that the instruction as proposed was too broad because of its application to all three defendants and for that reason was properly refused. This conclusion makes it unnecessary to consider any other question.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied March 25, 1960, and appellants' petition for a hearing by the Supreme Court was denied April 20, 1960.