[Civ. No. 18578. First Dist., Div. Two. May 19, 1960.]

LILLIE WILLIAMS, Appellant, v. GORDON ROGER COLE, a Minor, etc., et al., Respondents.

George D. Carroll for Appellant.

Appelbaum, Mitchell & Bennett, Bledsoe, Smith, Cathcart, Johnson & Phelps, and James S. Higgins for Respondents.

DOOLING, J.—Lillie Williams sued Gordon Roger Cole, a minor, and Roy Leonard Erickson, alleging that as the proximate result of their joint negligence in the operation of their respective automobiles, or of the negligence of one of them, she had sustained personal injuries. The complaint also named Leonard and Florence O. Cole as defendants, alleging that as the parents of Gordon Cole they had signed the acceptance of liability provided for by sections 350, 351 and 352 (now §§ 17700-17710) of the Vehicle Code. The three Coles answered, admitting a collision but denying Gordon Cole's negligence, and alleging that said collision had been proximately caused by the negligence of one Annie Mae Thompson, operator of the automobile in which plaintiff was riding, and of Roy Erickson. As a separate defense they also alleged that plaintiff's injuries, if any, had been caused by an unavoidable accident. Roy Erickson answered separately, admitting the collision but denying his negligence, and alleging that plaintiff's negligence proximately contributed to the happening of the accident. The jury found for the defendants. The plaintiff moved for new trial on the grounds of insufficient evidence and errors of law. The court denied this motion and plaintiff appeals from the judgment.

In the early afternoon of August 16, 1957, appellant was sitting in the right front seat of an automobile driven by one Annie Mae Thompson when it was struck from the rear by an automobile driven by respondent Gordon Roger Cole. For 5 or 10 seconds prior to the impact the automobile carrying appellant had been stopped behind a car driven by respondent Erickson, who was preparing to park. All three automobiles were headed northward on a street having one lane for traffic moving in that direction, one lane for traffic moving southward and one lane on either side for parking.

There was evidence from which the jury could find the following: That just prior to the accident Erickson had been traveling slowly, probably not more than 10 miles per hour, and decelerating; that he had signalled his intention to stop

both with an arm signal and by his brake lights and then had brought his car to a gradual stop; that the Thompson vehicle had stopped suddenly about 20 to 25 feet behind Erickson and that these two vehicles were never in greater proximity than that; that although Cole, who had been traveling at about 25 miles per hour, applied his brakes, the slickness of the hot asphalt surface of the street had caused his automobile to slide approximately 60 feet after the brakes were applied; on this subject there was testimony that the tires of Cole's car left depressed marks in the soft asphalt for that distance; that appellant was knocked *forward* off the seat; that when a car is stopped suddenly, its occupants are thrown forward, whereas when it is struck from the rear while stopped, the occupants are thrown backward; that the Thompson automobile was not moved forward by the impact and that it suffered very little damage; that Annie Mae Thompson had exonerated Cole immediately after the accident.

Appellant argues that the trial court erred in refusing to give her requested instruction on the doctrine of res ipsa loquitur, which instruction appears as Number 206-B in California Jury Instructions, Civil (BAJI). She contends that the very occurrence of a rear-end collision warrants that doctrine's application.

The proposed instruction in its opening sentence reads: "From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant."

The instruction as proposed did not single out the defendant Gordon Cole, as to whom it is claimed on appeal that it was legally applicable. As proposed it would apply equally to the defendant Erickson as to whom no such claim is asserted, and we are satisfied that, whether legally applicable to Cole or not, it could under no circumstances be applicable to Erickson, who after giving the proper signals slowly stopped his car so far in advance of the car in which appellant was riding that when both cars had come to rest they were separated by not less than 20 feet. It is proper for the trial court to refuse an instruction on res ipsa loquitur which applies equally to all defendants if under the evidence the giving of the instruction would be improper as to some or one of them. (*Gobin* v. *Avenue Food Mart,* 178 Cal.App.2d 345 [2 Cal.Rptr. 822]; *Snyder* v. *Hollingbery,* 141 Cal. App.2d 520 [297 P.2d 485].)

■ The trial court gave an instruction that ''the mere happening of an accident, or the filing of a complaint and answer, or the fact that injuries have been sustained, raises no presumption of negligence as to the defendants.'' The giving of this instruction is claimed to be error because as appellant asserts the case was one requiring the application of the res ipsa loquitur doctrine to defendant Gordon Cole. It has been held to be error to give the ''mere happening of an accident'' instruction where the res ipsa doctrine applies *as a matter of law* from the evidence produced. On the other hand if the evidence does not make the res ipsa doctrine applicable as a matter of law, but its application depends on the resolution by jury of questions of fact, it is not error to give the ''mere happening of an accident'' instruction, without further explanation, where no proper res ipsa instruction has been requested or given to the jury. (*Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 156-159 [323 P.2d 391]; *Phillips* v. *Noble*, 50 Cal.2d 163, 166-167 [323 P.2d 385]; *Barrera* v. *De La Torre*, 48 Cal.2d 166, 170 et seq. [308 P.2d 724].) Here there was evidence from which the jury could find that the collision was not caused by defendant Gordon Cole's management of his automobile but wholly by reason of the slippery character of the soft asphalt which prevented the application of the brakes from stopping the car before the collision as they would normally have done. If the jury so found the res ipsa doctrine could not have been applicable.

■ The court gave a standard ''imminent peril'' instruction. The collision occurred in a 25-mile zone and there is evidence that Cole was driving at a speed of between 25 and 30 miles per hour before he applied his brakes. From this appellant argues that Cole was negligent and therefore the instruction as to him was erroneous. (35 Cal.Jur.2d, Negligence, § 48, p. 546.) The instruction was properly qualified in this respect: ''if a driver is operating an automobile with ordinary care, and you find that he is suddenly confronted with imminent peril which arises without fault on his part . . .'' The mere driving of an automobile in excess of the speed limit does not show negligence as a matter of law. (Veh. Code, § 40831; formerly § 513.) The jury was free to find Cole not guilty of negligence even if they found that he was exceeding the speed limit. (*Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 438-439 [260 P.2d 63]; *King* v. *Ludlow*, 165 Cal.App.2d 620, 625-626 [332 P.2d 345].) There

was therefore no impropriety in giving the "imminent peril" instruction.

 Appellant proposed an instruction reading: "When the negligent acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently, and as proximate causes to the injury of another, each of such persons is liable. This is true regardless of the relative degree of the contribution. It is no defense for one of such persons that some other person, not joined as a defendant in the action, participated in causing the injury."

The trial judge gave the first two sentences of this proposed instruction but failed to give the last sentence. Appellant argues that it was reversible error to omit the last sentence in view of the contention of defendants Cole that the collision was caused by the negligence of the driver of the automobile in which appellant was riding. In assaying this claim we must consider all of the instructions given to the jury. The jury was instructed: "The negligence, if any, of the driver of the vehicle in which the plaintiff, Lillie Williams, was riding at the time and place involved in this trial, may not be imputed to the plaintiff and would not bar a verdict in her favor."

The instruction to the jury that the negligence of the driver of the automobile in which plaintiff was riding "would not bar a verdict in her favor" was the substantial equivalent of the omitted sentence in the other instruction and appellant can have suffered no prejudice by its omission.

 Appellant's final point is that the court erred in permitting a police officer to testify as an expert that when a car is stopped suddenly a passenger will be thrown forward and when a car is struck from the rear the passenger will be thrown backward. As to this testimony appellant argues 1. that the officer was not sufficiently qualified, 2. that the subject of inquiry is a matter of common knowledge and hence not a proper subject for expert testimony, and 3. that the testimony invaded the province of the jury since it involved the very question of fact which the jury was called upon to decide.

After an objection had been made of the failure to qualify the officer it was established by his testimony that he had been a police officer from 1948 to 1957 and during that period had investigated on an average one automobile accident case per week and had determined from his experience what happens

when an automobile is struck from the rear. ██ ██ Traffic officers whose duties include the investigation of accidents are generally qualified to express opinions as to the factors involved in accidents (*Enos* v. *Montoya,* 158 Cal.App.2d 394, 399 [322 P.2d 472] ; *Risley* v. *Lenwell,* 129 Cal.App.2d 608, 731 [277 P.2d 897]) and the trial court's determination that a witness is qualified to give expert testimony may only be overturned where he has committed a clear abuse of discretion (*Lynch* v. *Birdwell,* 44 Cal.2d 839, 849 [285 P.2d 919] ; *Huffman* v. *Lundquist,* 37 Cal.2d 465, 476 [234 P.2d 34, 29 A.L.R.2d 485]). ██ We can find no such abuse of discretion here. ██ We cannot agree with appellant that the matters to which the witness testified are ones of such common knowledge that the lay juror could not be assisted by the opinion of an expert. ██ This question also lies largely in the trial court's discretion. (*People* v. *Cole,* 47 Cal.2d 99, 105 [301 P.2d 854, 56 A.L.R.2d 1435].) ██ The Cole case also settles the question that expert testimony is admissible even though it is directed to an ultimate fact which must be decided by the jury. (*People* v. *Cole, supra,* 47 Cal.2d p. 105.)

The verdict of the jury finds substantial support in the evidence and we find no prejudicial error.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.