[Civ. No. 31313. Second Dist., Div. Two. June 24, 1968.]

DANNY McCURTER, Plaintiff and Appellant, v. NORTON COMPANY, Defendant and Respondent.

Jerome Weber & Reuben Rosensweig for Plaintiff and Appellant.

Spray, Gould & Bowers for Defendant and Respondent.

NUTTER, J. pro tem.*—This case involves a judgment in a nonjury trial, for respondent, an abrasive wheel manufacturer, in appellant's action for negligence and breach of implied warranty for personal injuries sustained when a grinding wheel used by appellant in the course of his employment shattered, striking him and causing the loss of an eye and other injuries.

Appellant secured the wheel from a tool crib located within the appellant's employer's manufacturing complex. Originally, the wheel had a diameter of six inches but at the time appellant obtained it on the date of his injury, the diameter measured approximately four inches as a result of prior use by other employees. Plainly stamped on the wheel were the words 'MAX 2545 RPM'.

Appellant was an experienced grinder and intended to use the wheel to abrade and grind metal. Appellant had used the grinding machine almost daily since his employment. He knew the grinder was capable of turning up to 18,000 RPM and that the words 'MAX 2545 RPM', stamped on the machine indicated the maximum safe operating speed of the wheel. Appellant did not and never used any device such as a tachometer to determine its operating speed.

Appellant actuated the grinder by applying pressure to a hand trigger. He then turned an internal screw to adjust the grinder to a speed he estimated to be 2,500 RPM. Appellant's estimate of the speed was derived from the appearance of the wheel and the feel and sound of the motor. He held the grinder away from his person, observed that it was running true and then commenced to apply the grinder to the work, when the wheel disintegrated without touching the work, knocking him unconscious.

The wheels were inspected and tested for defects before being placed on the market. They were subjected to a speed test in excess of the rated RPM. If the wheel resisted the centrifugal force during the test it was considered free of defects.

*Assigned by the Chairman of the Judicial Council.

The court found that the wheel which caused the injury to appellant was free of defects at the time it was released onto the market; disintegration was caused primarily by the centrifugal force brought about by the overspeeding of the wheel, with a secondary cause being a mismounting of the wheel.

The court found that the plaintiff *failed to sustain his burden of proof*: (1) That the injuries were proximately caused by: (a) negligence in the manufacture or design of the grinding wheel; (b) by any breach of implied or expressed warranty of the respondent; (c) by a defect in the design or manufacture of the wheel; (2) that the grinding wheel was being used reasonably for the purpose for which it was designed and intended.

The court's findings of fact are amply supported by the evidence.

 " 'The rule as to our province is: "In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary . . . principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (Italics added.) (*Crawford* v. *Southern Pac. Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].) The rule quoted is as applicable in reviewing the findings of a judge, as it is when considering a jury's verdict.' See, also, *Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593]." (*Massow* v. *Gianaclis,* 120 Cal.App.2d 24, 27-28 [260 P.2d 655]; 3 Witkin, Cal. Procedure, Appeal § 84, p. 2245.)

While the appellant's pleadings were founded on negligence and implied warranty, the thrust of his brief on appeal is on strict liability. Appellant contends that "in the absence of proof that there was no defect in the grinding wheel, and in the absence of clear and convincing proof that appellant had used the grinding wheel at a speed in excess of its rated capacity as marked thereon" strict liability should have been imposed on the manufacturer, citing *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57 [27 Cal.Rptr. 697,

377 P.2d 897, 13 A.L.R.3d 1049], and *Peterson* v. *Lamb Rubber Co.*, 54 Cal.2d 339 [5 Cal.Rptr. 863, 353 P.2d 575].

There was substantial evidence that there was no defect in the grinding wheel, and the court could properly infer that appellant used the wheel at a speed in excess of its rated capacity.

Respondent presented expert testimony by engineers familiar with this type of wheel, to the effect that examinations of the fragments of the wheel showed no defects, that the speed of a grinding wheel could only be measured with a tachometer, and that a study of the fragments indicated that the cause of the breakage was over-speed.

On the issue of reasonable use, respondent presented expert testimony that the angle of breakage of the wheel indicated that it was turning above the maximum speed; an examination of the wheel fragments did not indicate defects in the manufacture; the wheel had been in long use to such an extent that its diameter had been decreased from six to four inches.

Apparently appellant was of the impression that his presentation of the wheel fragments in evidence was in itself a prima facie showing of defect in manufacture or design.

Appellant did not introduce any evidence, other than the fragments of the wheel, to show that the design or construction of the wheel was defective at the time it left the hands of the manufacturer, and respondent introduced evidence that it was not defective.

Appellant misconstrues the burden of proof in the strict liability cases. Under *Greenman* v. *Yuba Power Products, Inc., supra*, the court said at page 64:

"To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the [product] *in a way that it was intended to be used as a result of a defect in design and manufacture* of which plaintiff was not aware which made the [product] unsafe for its intended use." (Italics added.)

Here the trial court found that appellant failed to sustain his burden that the wheel was being used reasonably for the purpose for which it was designed and intended; appellant's use was a contributing cause of the accident, and the breakage was not caused by a defect.

If the wheel was used at an unreasonable speed, there was, of course, an unreasonable use. Accordingly, the testimony presented by the respondent that there was an unreasonable

use on the part of the appellant contrasts with the *absence* of evidence presented by appellant that the wheel was in a defective condition at the time it left the hands of respondent manufacturer. ■ In sum, appellant cannot establish manufacturer's defect by merely proving some subsequent accident or shattering of the equipment. "[T]he fact that contributory negligence is not an issue does not affect a plaintiff's burden of showing that the accident was due to a defect in the article rather than to some other cause." (*Preston* v. *Up-right, Inc.,* 243 Cal.App.2d 636, at p. 639 [52 Cal.Rptr. 679].)

■ Appellant also attacks the court's finding attributing the breakage of the wheel to misuse. ■ Misuse of the product is recognized as a defense and is an important issue under the doctrine of strict liability. Misuse would refute an allegation of defective condition and would include conduct otherwise labeled contributory negligence.

■ The testimony presented on behalf of respondent was to the effect that the disintegration was the result of some misuse upon the part of appellant and that there could not have been a defect in the product when it left the factory because of the extensive testing prior to shipment. Appellant's testimony was to the effect that there was no misuse. As such the court was entitled to resolve the conflicting evidence in favor of respondent and against the appellant. (See 3 Witkin. Cal. Procedure, Appeal, § 84, p. 2245.)

■ Nor has appellant made out a cause of action in negligence.. His reliance on *Peterson* v. *Lamb Rubber Co., supra,* is misplaced. Although *Peterson* involved a wheel shattering, it was shown that (a) there were no markings of maximum speed on the wheel, and (b) that the wheel blew up on its *first use.* Appellant contends that the marking on the wheel makes no difference. However, in view of the fact that no further evidence of possible negligence was presented by appellant and there was evidence showing unreasonable use, it is apparent that appellant did not show the presence of negligence by a preponderance of the evidence.

In *Peterson,* the jury was instructed on the doctrine of res ipsa loquitur on the negligence count, but returned a verdict for the defendant. The appellate court affirmed the verdict on the negligence count but it reversed and remanded the case only with respect to the implied warranty count to which the trial court had sustained a demurrer. The case, therefore, stands primarily for the proposition that the employee of a

purchaser of a wheel is entitled to the benefits of the implied warranty of fitness and merchantable quality under the provisions of subdivisions (1) and (2) of section 1735 of the Civil Code.

Appellant does not argue that in a strict liability case the burden of proof resting on him to show that the article was defective when it left the hands of the manufacturer, can be satisfied by invoking the res ipsa loquitur doctrine. Indeed, such an attempt would be futile. ■ When a party relies on the rule of *strict liability* the requirement of showing a defect cannot be satisfied by reliance on the doctrine of res ipsa loquitur.

■ In order for the doctrine of res ipsa loquitur to apply there must be three conditions present: " '. . . (1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' " (*Shahinian* v. *McCormick,* 59 Cal.2d 554, 559 [30 Cal.Rptr. 521, 381 P.2d 377].)

■ It is clear that the wheel in this case was not and had not been within the exclusive control of the respondent for a period of time before the accident. The condition of the wheel had been materially changed after respondent relinquished control.

For all the foregoing reasons, the trial court was justified in finding that the grinding wheel was not defective when it left the factory of the respondent, and the cause of the disintegration of the wheel was the overspeeding and mismounting thereof.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.