[Civ. No. 32759. Second Dist., Div. One. Apr. 2, 1969.]

AZILEE DAVIS, Plaintiff and Appellant, v. SAFEWAY STORES, INCORPORATED et al., Defendants and Respondents.

Newell & Chester and Robert M. Newell for Plaintiff and Appellant.

Barnes, Benton, Orr, Duval & Buckingham, Edwin Duval, Harold Ira Panken, Levinson, Marcus & Bratter and Bradley D. Marcus for Defendants and Respondents.

WOOD, P. J.—This is an action for damages for personal injuries received by plaintiff when a bottle of cola, manufactured by defendant Royal Crown and sold by defendant Safeway, broke and injured plaintiff while she was purchasing the bottle and groceries at Safeway's store in Fillmore. Judgment, upon verdicts, was in favor of the defendants. Plaintiff appeals from the judgment.

Appellant contends that the court erred in refusing to give requested instructions on res ipsa loquitur and contributory negligence.

Royal Crown bottled the cola and delivered cases of it to the storeroom of Safeway in Fillmore. Safeway's employees placed the bottles on shelves in the store for customers to select and purchase.

On July 6, 1964, the plaintiff, who was a regular customer of the store, selected a carton of bottles of cola from the shelf, and put the carton on the bottom rack of a shopping cart in

which she had placed other groceries—she put the groceries in the basket or upper portion of the cart, and she put the carton on a rack which was under the basket. Customers "routinely" placed groceries on the rack, which sloped doward toward the front of the cart. At the front of the rack there were five spokes or bars, and two metal loops, about 1 inch high. There was no loop or other barrier at either side of the rack. Plaintiff did not put anything other than the carton of bottles on the rack.

She then "wheeled" the cart into the aisleway at the checkstand, and the cashier (Mrs. Dryer) took the groceries from the basket, checked them "one by one," put them in bags, and put the bags in the basket. The cashier did not touch the carton on the rack. After she put the bags of groceries in the cart-basket, she pushed the cart about 10 inches into the aisle so that plaintiff could more conveniently wheel the cart from the aisle. While the cashier was checking the groceries, the plaintiff was at the checkstand writing a check. As the cashier moved the cart into the aisle, the carton of bottles fell from the rack into the aisle and the bottles rolled on the cement floor. When the bottles fell, none of them broke, and the cashier came from behind the checkstand, and she and plaintiff started to pick up the bottles.

The cashier testified that as she reached down to pick up one of the bottles, it broke near its neck with a dull, dead sound which was more like a breakage than an explosion; and she did not touch the bottle before it broke. Plaintiff testified that the cashier had picked up the bottle and then it slipped from her hands and fell to the floor and exploded. Plaintiff was cut on the foot, and the cashier was cut on the leg, by "flying" glass from the bottle.

Evidence was received relative to the care exercised by defendant Royal Crown in manufacturing cola bottles.

Appellant contends that the court erred in refusing to give requested instructions on the doctrine of res ipsa loquitur. She argues that "Persons who suffer injury caused by explosions of bottles containing explosive liquids or of bottles containing carbonated beverages under pressure are entitled to the benefit of the doctrine of res ipsa loquitur."

One of the instructions (BAJI 206A [Rev.]) was: "One of the questions for you to decide in this case is whether the accident [injury] involved occurred under the following circumstances: First, that it is the kind of accident [injury] which ordinarily does not occur in the absence of someone's

negligence; Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant [originally, and which was not mishandled or otherwise changed after defendant relinquished control]; and Third, that the accident [injury] was not due to any voluntary action or contribution on the part of the plaintiff." It is to be noted that said instruction, as requested, states "the defendant," and it does not make any distinction as between defendant Royal Crown (manufacturer) and defendant Safeway (retailer).

Another of the requested instructions (BAJI 206 [1967 Rev.]) states in substance that from the happening of the accident an inference may be drawn that a proximate cause thereof was negligent conduct on the part of the defendant, and that the jury will find in accordance with the inference unless there is contrary evidence which shows either (1) a definite cause for the accident not attributable to any negligence of defendant, or (2) such care by defendant that leads the jury to conclude that the accident did not happen by reason of defendant's lack of care. Said requested instruction states "the defendant," and it does not make any distinction as between defendants Royal Crown and Safeway.

The other requested instruction (based upon BAJI 206 [Rev.]) provides in substance as follows: It is a matter of common knowledge that a bottle of carbonated beverage, such as the bottle in this case, does not ordinarily explode in the absence of negligence on the part of someone either when it was bottled or in its subsequent handling or a combination of these two factors. Therefore, if you find that the bottle did explode, you may draw an inference that the proximate cause of the explosion was: (a) Some negligent conduct on the part of defendant Royal Crown in bottling the cola, or (b) Some negligent conduct on the part of Mrs. Dryer (checker) in moving the grocery cart in such a way as to cause the bottle to fall from the cart onto the floor, or if you find that Mrs. Dryer picked up the bottle before it exploded, thereafter dropping it on the floor, or (c) A combination of negligent conduct on the part of defendant Royal Crown and defendant Safeway. If you draw any such inferences of negligence, then you will find in accordance with the inference unless there is contrary evidence which shows either (1) a definite cause for the accident not attributable to any negligence of either defendant, or (2) such care by either or both of the defendants that leads you to conclude that the explosion did not

happen because of the lack of due care by each defendant.

The evidence did not warrant the giving of an instruction on res ipsa loquitur as to defendant Royal Crown —the instrumentality (bottle) was not in the control of said defendant when the injury occurred, and the evidence was to the effect that the bottle had been mishandled (dropped on cement floor) after Royal Crown had delivered it to Safeway. (See *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 444 [247 P.2d 344] ; *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514, 517-518 [203 P.2d 522] ; *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 458-459 [150 P.2d 436] ; Witkin, Cal. Evidence (2d ed. 1966), Burden of Proof and Presumptions, pp. 243-244, § 284 ; 7 Stan.L.Rev. 480, 491.)

As previously stated, two of the requested instructions made no distinction between defendant Royal Crown and defendant Safeway, and said instructions appeared to apply equally to both defendants. In *Gobin* v. *Avenue Food Mart*, 178 Cal.App.2d 345 [2 Cal.Rptr. 822], wherein plaintiff sought damages for injuries he received from a toy gun which was manufactured by one defendant, distributed by another defendant, and sold by a third defendant, the requested instruction "made no distinction among the defendants, applying equally to all three." (P. 346.) On appeal, the court said (p. 346) that there was no evidence to support the giving of the instruction as to the seller and wholesaler, and held (p. 348) that "the instruction as proposed was too broad because of its application to all three defendants and for that reason was properly refused." In the present case, the court did not err in refusing to give the two requested instructions (BAJI 206A [Rev.] and BAJI 206 [1967 Rev.]) which made no distinction as between the defendants.

The other requested instruction on res ipsa loquitur (based on BAJI 206) made a distinction between the defendants; however, it did not inform the jury that plaintiff must prove that the instrumentality (bottle) which caused the injury was not mishandled or its condition changed after control was relinquished by the defendant bottler (Royal Crown) against whom the doctrine of res ipsa loquitur was sought to be applied. (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 691-692 [268 P.2d 1041].) Said requested instruction was also defective in two other respects. First, the instruction states in effect that if the jury found that the bottle exploded, then the jury could draw either an inference that Royal Crown was negligent in bottling the cola, or an inference that Mrs. Dryer

(cashier) negligently moved the cart. A conclusion that Mrs. Dryer negligently moved the cart does not follow necessarily from the premise that the bottle exploded. Secondly, the instruction states that if the jury found that Mrs. Dryer picked up the bottle and dropped it on the floor before it exploded, then the jury could draw either an inference that Royal Crown was negligent in bottling the cola or an inference that Mrs. Dryer negligently dropped the bottle. Such statement is incorrect in that it would permit the jury to infer negligence on the part of Royal Crown despite proof (and the premise) that the bottle had been mishandled after Royal Crown had relinquished control of it. (See *Burr* v. *Sherwin Williams Co., supra.*)[1] The court did not err in refusing to give the requested instructions on res ipsa loquitur.

█ Appellant further contends that the court erred in giving an instruction on contributory negligence of the plaintiff.

There was evidence that plaintiff selected the carton of bottles from a shelf in the store and put the carton on the rack under the basket portion of the shopping cart; the rack sloped toward the front of the cart—the rear of the rack was 1 foot from the floor of the store, and front of the rack was about 6 inches from the floor; at the front of the rack there were five spokes or bars, and two metal loops, about 1 inch high; there was no loop or other barrier at either side of the rack; at the counter and on both sides of the aisle there were bumper strips with which carts frequently came in contact (as indicated by scratches and gouges thereon); plaintiff had been a regular customer of the store for two years; and the carton of bottles fell off the rack when the cashier moved the cart about 10 inches. It thus appears that in the ordinary course of checking the groceries, the carton of bottles could have been dislodged from the rack by reason of the manner in which plaintiff put the carton on the rack. It should also be noted that plaintiff requested two instructions which referred to

[1]There is also a question whether, under the evidence presented, a res ipsa loquitur instruction would have been applicable to Safeway. Plaintiff's evidence was to the effect that Mrs. Dryer picked up the bottle and then dropped it on the cement floor, whereupon it exploded. Under that theory of plaintiff's case, there was evidence of negligence by Safeway's agent, and such an instruction regarding an inference of negligence would not be required. On the other hand, defendants' evidence was to the effect that the bottle fell from the rack where plaintiff had placed it. Under that theory of the defense, there was voluntary action of plaintiff contributing to the accident which would preclude applicability of the doctrine of res ipsa loquitur.

contributory negligence, and that the pretrial statement, which was signed by counsel for plaintiff and which was incorporated in the pretrial order, stated that contributory negligence of the plaintiff was an issue remaining for trial. The court did not err in giving the instruction on contributory negligence.

The judgment is affirmed.

Lillie, J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1969. Peters, J., and Sullivan, J., were of the opinion that the petition should be granted.