[Civ. No. 32677. Second Dist., Div. Two. Aug. 4, 1969.]

MARY E. TRESHAM, Individually and as Administratrix, etc., Plaintiffs and Appellants, v. FORD MOTOR COMPANY et al., Defendants and Respondents.

Donald C. Lozano and Edward L. Lascher for Plaintiff and Appellant.

Dryden, Harrington & Swartz, Vernon G. Foster, Haight, Lyon, Smith & Nye and Henry F. Walker for Defendants and Respondents.

WRIGHT, J.—This is an appeal by Mary E. Tresham, individually, and as administratrix of the estate of Chester M. Vandermark, deceased, plaintiffs below, from a judgment in favor of Ford Motor Company, a corporation, and Lorimer Diesel Engine Company, dba Maywood Bell Ford, defendants below, in an action for personal injuries. This case was previously tried and was reversed by the Supreme Court of this state in the landmark case of *Vandermark* v. *Ford Motor Co.* (1964) 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168].

Prior to the commencement of the retrial, the appellants dismissed all causes of action other than those based upon the theory of strict liability in tort. It was stipulated that the

appellants limited their claim of a defect in the automobile belonging to the decedent Vandermark to the contention that the braking system was defective. ■ Appellants contend on appeal that it was error on the part of the trial judge to refuse to give to the jury two instructions proffered by the appellants.

I

The first of the refused instructions was obviously patterned after the doctrine of res ipsa loquitur applicable to negligence cases and read as follows:

"PLAINTIFFS' REQUESTED JURY INSTRUCTION No. 16:

"[One of the questions for you to decide in this case is whether the accident of December 5, 1958, was the kind of accident which ordinarily does not occur in the absence of some defect in the automobile involved in the accident. If, and only in the event that you find it was that kind of accident, then you are instructed that:]

"From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some defect in the automobile involved. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.

"When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of whether a defect existed or not. If the evidence tending to prove that the accident was caused by a defect in the car has greater weight than the evidence to the contrary, you will find in favor of the plaintiff on that issue.

"In order to meet or balance the inference of the existence of a defect, the defendants must present evidence to show either (1) a satisfactory explanation of the accident, that is, a definite cause for the accident in which there is no defect in the automobile, or (2) that the accident did not happen because of a defect in the car, but rather was due to some other cause, although the exact cause may be unknown. If such evidence has at least as much convincing force as the inference and other evidence supporting the inference, then you will find against the plaintiff on that issue.

"(Bracketed portion not requested, included only in the event the Court declines to give the balance of the instruction without that portion.)

"Authority: Please see memorandum of points and authorities filed with request."

The trial judge in refusing the instruction made the following notation " 'Res Ipsa' Not Applicable to Strict Liability in My Opinion."

We are of the opinion that an instruction such as that requested by appellants is inapplicable to cases where recovery is based on strict liability in tort. It is apparent that appellants in their argument have confused the procedural effects of the introduction of circumstantial evidence with the specialized procedure in certain negligence cases where an instruction covering the res ipsa loquitur doctrine is not only proper but necessary. Appellants contend that if proof of fact issues were determined upon circumstantial evidence an instruction similar to res ipsa loquitur is automatically required. That fact issues may be established by circumstantial as well as by direct evidence is such a basic principle of law that it requires no restatement here. At the trial appellants resorted to both types of evidence in the presentation of their case. The trial judge thoroughly and properly instructed the jury on the two types of evidence. What the appellants seek to accomplish here is a shifting of the burden of proof of showing the existence of a defect which proximately caused them injury or damage to the respondents. This would have the effect of making the respondents insurers unless they could produce satisfactory evidence that there was no defect or if there was that such defect was not the cause of the injury or damage. The application of such a doctrine in the cause before this court would require the respondents to exculpate themselves from circumstances where neither had control of the vehicle for some six weeks during which time the automobile had been driven some 1,500 miles by decedent Vandermark or others.

■ Historically, strict liability in tort evolves from warranty and as in warranty it does not involve any form of negligence. ■ "The doctrine of res ipsa loquitur relates to cases involving negligence and has no application to an alleged breach of warranty. [Citations.]" (*Trust* v. *Arden Farms Co.*, 50 Cal.2d 217, 223 [324 P.2d 583, 81 A.L.R.2d 332].) There is no reason in law or logic why the doctrine embedded in the instruction requested by appellants should be extended to include the type of case before this court. As stated in *McCurter* v. *Norton Co.*, 263 Cal.App.2d 402, 408 [69 Cal.Rptr. 493] : "Appellant does not argue that in a strict liability case the burden of proof resting on him to show that the article was defective when it left the hands of the manu-

facturer, can be satisfied by invoking the res ipsa loquitur doctrine. Indeed, such an attempt would be futile. When a party relies on the rule of *strict liability* the requirement of showing a defect cannot be satisfied by reliance on the doctrine of res ipsa loquitur.''

The cases relied on by appellants have little relevancy to the cause before this court. In *Phillips* v. *G. L. Truman Excavation Co.*, 55 Cal.2d 801 [13 Cal.Rptr. 401, 362 P.2d 33], the key question presented on appeal was whether there was any substantial evidence on the issue of plaintiff's contributory negligence. There was evidentiary support for that defense and the trial court erred in refusing to give a proffered instruction on contributory negligence.

*State Farm Mut. Auto Ins. Co.* v. *Anderson-Weber, Inc.*, 252 Iowa 1289 [110 N.W. 2d 449], cited by appellants, involved a case where a new automobile caught fire and burned within 10 days from the time of its delivery and after having been driven about 300 miles. The court at page 452 stated: ''This case is bottomed squarely upon the law of warranty and is not based upon liability for negligence. The doctrine of res ipsa loquitur, frequently resorted to in negligence cases, is *not applicable* as such in the field of warranty, although the usual resort to circumstantial evidence in attempting to establish a breach of warranty indicates some of the same thinking found in res ipsa loquitur cases.'' (Italics added.) The restrained statement of the court merely indicating that some of the same thinking found in res ipsa loquitur cases was applicable in breach of warranty cases does not support the bold assertion of the appellant that ''several courts have believed the doctrine applied.''

*Crisci* v. *Security Ins. Co.*, 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173], also cited by appellants has no conceivable relation to the cause before the court. *Bronson* v. *J. L. Hudson Co.*, 376 Mich. 98 [135 N.W.2d 388], involved a case where the plaintiff purchased an undergarment and wore the same in an unwashed condition. As a result of chemical irritants allegedly present in the slip she suffered pain, severe dermatitis, emotional stress and eventually a heart attack. At the close of plaintiff's proof a directed verdict was granted. The court on appeal ruled that the facts as presented with legitimate inferences to be drawn therefrom constituted a prima facie case which was sufficient in law to prevail against the defendants' motion for a directed verdict.

*Bustamante* v. *Carborundum Co.*, 375 F.2d 688 involved a case of a grinding wheel disintegrating while in use resulting in injuries to the plaintiff. The matter was submitted to the jury on two causes of action, one based in negligence and one based in warranty. An instruction embracing the doctrine of res ipsa loquitur was given. There is no indication that the same was in any manner whatsoever directed to the warranty phase of the case.

*Gherna* v. *Ford Motor Co.*, 246 Cal.App.2d 639 [55 Cal. Rptr. 94], involved another case where a new car after two months of usage caught fire and burned. All discussion in the opinion relating to res ipsa loquitur is contained in the paragraph set forth under the heading "negligence." No reference whatsoever to the doctrine is contained in the section relating to a discussion of "strict liability."

In *Vandermark* v. *Ford Motor Co., supra,* at page 260, the court stated that it was erroneous for the trial court to strike the testimony of possible causes of failure of the braking system on the ground that there was no *direct* evidence that any one or more of the causes existed ". . . for plaintiffs were entitled to establish the existence of a defect and defendants' responsibility therefor by *circumstantial evidence, . . .*" (Italics added.) The judge on retrial permitted the appellants so to do; the respondents presented abundant evidence in contravention. The appellants in their brief conceded that there was circumstantial evidence which, if believed by the jury, would support an inference that the proximate cause was a defect had been dispelled.

██ Aside from our conclusion that an instruction embodying the doctrine of res ipsa loquitur in strict liability cases is not legally supportable, a casual perusal of the instruction as offered by the appellants will reveal that it is obviously incorrect and confusing. The parties stipulated that the evidence of the defect was to be confined to the braking system. The language of the instruction, however, refers to "some defect in the auto." The broadness of the instruction goes far beyond the agreement of the parties and would have placed on the respondents the burden of showing that no defect existed anywhere in the vehicle which could conceivably have been the cause of the accident. The instruction was properly rejected as being much too broad in its scope. (*Gobin* v. *Avenue Food Mart,* 178 Cal.App.2d 345, at page 348 [2 Cal. Rptr. 822]; *Williams* v. *Cole,* 181 Cal.App.2d 70, 73 [5 Cal.

Rptr. 24]; *Anderson* v. *County of Santa Cruz,* 174 Cal.App. 2d 151, 154-155 [344 P.2d 421].)

Further, the instruction as prepared by appellants makes no reference to the requirement that the defect must have been one which existed in the vehicle at the time it was sold and delivered to the decedent Vandermark.

■ "It thus appears that a requirement precedent to the application of such doctrine [strict liability in tort] is that the article which is the asserted cause of the injury was defective when manufactured or sold." (*Erickson* v. *Sears, Roebuck & Co.,* 240 Cal.App.2d 793, 798 [50 Cal.Rptr. 143].) There are additional omissions in the context of the instruction which need not be discussed further. The trial court quite properly refused to submit the instruction to the jury.

## II

■ Appellants further contend that the trial court erred in refusing to instruct the jury as follows:

"At the time of the collision involved in this case, the 1958 Ford automobile—the article involved in this case—was being used (by the deceased Chester Vandermark) for the general purpose for which it was designed and intended to be used." The trial court added the notation "Believe in area of fact and not of law."

■ "[I]t is incumbent upon a plaintiff to prove that he was injured while using the article in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the article unsafe for its intended use. [Citation.]" (*Preston* v. *Up-Right, Inc.,* 243 Cal.App.2d 636, 639 [52 Cal.Rptr. 679].) "Thus, courts require the plaintiff to show that he made 'normal use' of the product." (Traynor: *The Ways and Means of Defective Products and Strict Liability,* 32 Tenn.L.Rev. 363, 371.)

■ Whether the article is being used in a way that it was intended to be used depends upon the evidence produced at the trial. Testimony was given by two witnesses to the effect that they were riding in a car a short distance to the rear of the vehicle operated by decedent Vandermark and that they observed that the two left wheels of the Vandermark car went into the dirt center divider instead of remaining on the paved area of the freeway. "It [Vandermark's vehicle] was in the dirt a 'second' and immediately flipped to its right, or 'whipped' in and began a slow turn broadside." This evidence was directly in conflict from testimony offered by appel-

lants and certain other witnesses. It was for the jury to determine that conflict as a question of fact. To have given the proffered instruction would have been error.

■ ''Where, as here, the error consisted in instructing the jury as a matter of law on a question that is one of fact on conflicting evidence, and a determination favorable to the losing party might have been made if the error had not been committed, that error is prejudicial. [Citations.]'' (*Clement* v. *State Reclamation Board,* 35 Cal.2d 628, 644 [220 P.2d 897].)

■ Appellants further contend that the decision of the Supreme Court in the first *Vandermark* appeal, *supra,* established as the law of the case that the automobile was being used by the decedent Vandermark for the general purpose for which it was designed and intended to be used. There is no merit in appellants' contention. The Supreme Court was determining the correctness of a non-suit and directed verdict, and under such circumstances all conflicts in the evidence or inferences therefrom were resolved in favor of appellants. The court in essence held that the evidence viewed most favorably to the appellants was sufficient to require submission of the cause to the trier of fact.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 26, 1969, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1969.