[Civ. No. 36679. First Dist., Div. Three. Apr. 7, 1976.]

LUCILLE E. MOERER, Plaintiff and Appellant, v.
FORD MOTOR COMPANY et al., Defendants and Respondents.

COUNSEL

Robert L. Condon for Plaintiff and Appellant.

Barfield, Barfield, Dryden & Ruane, Cyril Viadro and Sellar, Engleking & Hartman and William R. Hartman for Defendants and Respondents.

OPINION

**DRAPER, P. J.**—An authorized dealer in Concord sold a Mercury automobile to plaintiff February 15, 1968. On November 21, 1970,

plaintiff was driving this car near Truckee within the allowed speed limit. She applied the brakes lightly. The car went out of control and struck an embankment, injuring plaintiff. She brought this action in strict liability against the manufacturer and the dealer. At the close of plaintiff's presentation of her case to a jury, nonsuit was granted in favor of both defendants. Plaintiff appeals.

After the accident, the left tie rod was found broken in two pieces. An automobile mechanic testified that, despite a broken tie rod, the left front wheel would "track" with the other absent application of the brakes. But upon even light application of the brakes, the left front wheel would swing aimlessly, causing complete loss of steering control. Each piece of the broken tie rod remained attached, by one end, to the car. Each of the two pieces of the broken tie rod had scrape or abrasion marks at its loose end. The mechanic testified in such a situation each piece would scrape against the roadbed and generate sparks. Plaintiff testified that after the accident, she saw black smoke rolling up from the left front wheel. Shortly before the accident, a car following her had flicked its headlights several times as if to signal her. It was stipulated that plaintiff had taken the car to defendant dealer for servicing at each time required by the warranty.

■ In arguing the motion for nonsuit, and here, defendants contend that expert evidence is essential to show that a defect existed at the time of delivery of the car to plaintiff, while plaintiff argued that the mere breaking of the tie rod, without more, established liability.

Expert evidence, although often relied upon, is not essential to proof of a defect. Rather, that fact may be shown by circumstantial evidence. (*Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, 260 [37 Cal.Rptr. 896, 391 P.2d 168]; *Garcia* v. *Halsett*, 3 Cal.App.3d 319, 326 [82 Cal.Rptr. 420]; see *Erickson* v. *Sears, Roebuck & Co.*, 240 Cal.App.2d 793, 799 [50 Cal.Rptr. 143].)

Nor can we accept plaintiff's view that mere proof that the tie rod broke necessarily establishes that it was defective at the time of delivery of the car to plaintiff, some 33 months before the accident. The leading case (*Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57, 64 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]) points out that it is sufficient for plaintiff to prove that he was injured "as a result of a defect in design and manufacture . . . that made the Shopsmith unsafe for its intended use." Other decisions make clear that the plaintiff must show

that the defect existed when the product was manufactured or sold. (*McCurter* v. *Norton Co.*, 263 Cal.App.2d 402 [69 Cal.Rptr. 493]; *Tresham* v. *Ford Motor Co.*, 275 Cal.App.2d 403, 410 [79 Cal.Rptr. 883]; *Erickson* v. *Sears, Roebuck & Co.*, *supra*, 240 Cal.App.2d 793, 798; and see *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168].)

Here, there is evidence from which it is reasonably inferable that the tie rod broke only very shortly before the accident. But there is a total absence of any evidence that use of the car for the 33 months it was under plaintiff's control was of the type for which the automobile was intended. We do not, of course, infer from a silent record that there was a collision or other unusual impact which weakened the rod before this accident. But the simplicity of proving reasonable usage by a mere negation of collision or other unusual impact over the long period of plaintiff's control emphasizes the absence of this essential element in plaintiff's proof.

Judgment affirmed.

Brown, (H. C.), J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.